[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12045
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00551-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMAURY VILLADIEGO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 14, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Amaury Villadiego Garcia appeals his 135-month sentence for conspiracy to

possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  We AFFIRM.

## I. BACKGROUND

Garcia, who had been a fisherman and boat driver in Colombia for twenty years, was on a "go-fast" boat intercepted by United States Coast Guard officers. During a pursuit by the officers, the crew jettisoned 58 bales from the boat which were later determined to contain 1,450 kilograms of cocaine.  Garcia and other crew members told the officers that they were recruited to transport the cocaine by an individual named "Pedro."  Garcia was paid approximately $1,957 for his services on the "go-fast" boat.  He pled guilty to both counts of the indictment without entering into a plea agreement with the government.

A federal grand jury indicted Garcia for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the

2

jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 2).  R1-8 at 1-2.  The indictment alleged a total of 1,450 kilograms of cocaine.  Id. at 4.

The probation officer set Garcia's base offense level at 38 pursuant to U.S.S.G. § 2D1.1(c)(1).  Garcia received a net three-level reduction for acceptance of responsibility under § 3E1.1, resulting in a total offense level of 35.  Garcia was assessed no criminal history points, making his criminal history category I.  His guideline range was 168 to 210 months of imprisonment.  Garcia objected that the presentence investigation report did not contain (1) a reduction based on the "safety valve" provision and (2) a minor-role reduction for his role in the offense.

At sentencing, Garcia's counsel argued that he was entitled to a minor-role reduction because (1) he had no interest in or control over the drugs, (2) he was not an organizer or leader but a transporter, and (3) the factors in 18 U.S.C. § 3553(a) militated in favor of granting a minor-role reduction.  R2 at 4-6.  The district judge denied the minor-role reduction and found that Garcia was not held accountable for conduct beyond his activities on the "go-fast" boat and that he was not less culpable than his codefendants, also crew members of the "go-fast" boat.  Id. at 10-12.  The judge also noted the quantity of drugs as a consideration.  Id. at 12. The judge sustained Garcia's objection regarding a safety-valve reduction and

recalculated his total offense level as 33 and his Sentencing Guidelines range as 135 to 168 months of imprisonment. Id. at 12-13. The district judge sentenced Garcia to 135 months of imprisonment and three years of supervised release on each count, to run concurrently. The judge noted that the sentenced imposed was determined to be appropriate after consideration of the factors in § 3553(a). Id. at 16. On appeal, Garcia argues that his role in the offense was less significant than that of the owners of the drugs and organizers of the drug trafficking, and he asserts that he was only a crew member without special skills or knowledge.

## II. DISCUSSION

While the Sentencing Guidelines are advisory after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the district court must continue to consider them when sentencing and must calculate a sentence under the Sentencing Guidelines correctly. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense

4

level by four levels if it finds that the defendant was a "minimal participant" or two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2. A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5).

The adjustment applies if the defendant proves by preponderance of the evidence that he "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). The determination of whether to apply a role reduction is a heavily fact-based inquiry, and a sentencing court, "in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." U.S.S.G. § 3B1.2, comment. (n.3(C)).

In determining whether a mitigating role adjustment is warranted, a district judge first must evaluate "the defendant's role against the relevant conduct for which []he has been held accountable" at sentencing. De Varon, 175 F.3d at 940. In looking at relevant conduct, "the district court must assess whether the

defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Although a defendant's status as a drug courier alone does not establish whether or not he is a minor participant, "when a drug courier's relevant conduct is limited to [his] own act of importation [or transportation], a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, in the drug-courier context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and, in some cases, could be dispositive. Id. at 943.

The district court evaluates a defendant's role by comparing it to that of other participants in his relevant conduct. Id. at 940. When measuring a defendant's conduct against other participants' conduct, a district judge may consider only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. Id. at 944. "The fact that a defendant's role may be less than that of other participants engaged

6

in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." Id. "[T]he district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id.; see also, U.S.S.G. § 3B1.2, comment. (n.3(A)) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.").

The district judge did not clearly err in refusing to grant Garcia a minor-role reduction. First, Garcia was held accountable for a large amount of drugs, and this alone precludes him from receiving a minor-role adjustment. Second, because Garcia's relevant conduct was possessing with intent to distribute 1,450 kilograms of cocaine, he must establish that he was a minor participant with respect to that relevant conduct and cannot point to a broader criminal conspiracy. Finally, Garcia's relevant conduct is identical to his actual conduct. In the drug transportation context, the district court is permitted to conclude, as it did here, that Garcia played an important or essential role in the transportation of those drugs.

The second prong of De Varon further precludes a minor-role adjustment. To the extent that Garcia argues that his role should be compared to others in a larger conspiracy, his argument is meritless because other conspirators were not

discernible from the evidence and are not part of the relevant conduct for which Garcia was convicted. The other participants in the relevant conduct were part of the same conspiracy and all held accountable for the same amount of drugs. There is nothing in the facts, to which Garcia did not object, to indicate that he was substantially less culpable than most of his fellow crewmen. Therefore, the district judge did not clearly err by denying Garcia a minor-role reduction.

### III. CONCLUSION

Garcia appeals his 135-month sentence for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Because the record supports a finding that Garcia neither played a mitigating role in relation to the relevant conduct attributed to him nor was he substantially less culpable than most of the other participants in the relevant conduct, the district judge did not clearly err by denying him a minor-role reduction. Accordingly, his sentence is **AFFIRMED.**